## CHARLES S. WALKUP *vs.* HENRY C. PICKERING.

Suffolk.     March 15, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Malicious Prosecution — Exceptions — Evidence — Malice.*

If no exception is taken to the admission of testimony, the question whether it was admissible or not is not open.

In an action for a malicious prosecution of a former suit brought by the defendant against the plaintiff, it is competent to prove what was said by the defendant in the original action and by his wife to the officer who made the attachment, as to the wife's ownership of the property attached, this being communicated to the plaintiff. It was notice to the plaintiff in that action that the property belonged to the wife, and his answer that "they would not stay without their furniture; they would come around and settle," was admissible to show malice on his part.

If, in an action for a malicious prosecution of a former suit brought by the defendant against the plaintiff, the answer to a question put to a witness, as to what he heard and saw after he arrived at the place where the officer had just attached the alleged property of the defendant in the original action, disclosed anything immaterial or incompetent, the defendant in this action should have asked to have it stricken out; and this not having been done, and no exception having been taken to the answer, he has no ground of complaint.

TORT, to recover damages for a malicious prosecution of a former suit brought by the defendant Pickering against the plaintiff Walkup, in which judgment was entered for Walkup. At the trial in the Superior Court, before *Lilley*, J., it appeared in evidence that before the commencement of the former suit Walkup had been a tenant of Pickering, and that Pickering had been notified that Walkup was to remove from the house on July 31, 1896, and knew that Walkup had a stock in trade at his place of business which might be attached.

One Bullard, a constable, testified in substance that at about the end of July, 1896, Pickering asked him to make an attachment of furniture, saying that a party was to move out of his house on Williams Street where Walkup lived; that he, Bullard, told Pickering he could not legally attach furniture; that Pickering replied his counsel told him that after the furniture had been loaded on the wagon it could be attached legally; and that Bullard told Pickering he did not care to do it, and was not well that day.

The defendant testified that he gave to his attorney a bill against Walkup to collect, and informed the attorney that Walkup then owned a horse, wagon, and harness ; that the attorney made out a writ, and requested the defendant to meet a constable, to be selected by the attorney, and point out the team, on the following morning, for attachment; that the defendant met the officer as thus arranged and pointed out the team at the house from which Walkup was removing, the defendant claiming that previously to pointing it out he had notified the constable that he should not be responsible for any doings of the constable in the matter ; and that there was no furniture upon the wagon at the time the defendant pointed out the team.

It appeared in evidence that one Putnam, a constable, served the writ in the former suit on July 31, 1896. Putnam testified that he met Pickering according to the instructions of his attorney ; that after waiting the wagon was driven up in front of the house then occupied by Walkup, and Pickering said, " That is the team and that is Walkup driving it " ; afterwards saying, " I don't want you to attach it just now"; that he, Putnam, walked up and down the street while Walkup's household furniture was loading on to the wagon ; that after it was loaded Pickering told him to go ahead with the attachment and take the furniture just as it was, and said, " I will see you harmless " ; that he told Pickering he could not attach a man's furniture, and Pickering replied, " He [Walkup] will pay the bill rather than let it be taken away " ; that Pickering then told him to take the furniture to a warehouse where he, Pickering, had already made arrangements for its storage; and that Putnam accordingly took the load of furniture to the warehouse and met Pickering there.

It appeared that Walkup's wife was present also at the time of the attachment. Putnam was then asked by the plaintiff what, if anything, she said to him when he made the attachment. Upon objection taken to the question the plaintiff asked the witness whether he reported to Pickering what Mrs. Walkup said to him, and Putnam replied that he did. The plaintiff's counsel then inquired of the witness, " Now, then, will you state what Mrs. Walkup did say to you at that time ? " The defendant objected, and the judge ruled that if the statement was

reported to Pickering it was admissible in evidence. . The defendant excepted, and Putnam answered, " She said everything that was attached, everything that was taken away, belonged to her." The plaintiff's counsel then repeated the inquiry to Putnam, " You say you reported to Mr. Pickering that Mrs. Walkup had stated to you that this furniture, horse, and wagon and all the property belonged to her ? " To this the witness answered, " I did." Having been asked when he so reported it, he answered, " Say five minutes after — well, in fact, within fifteen minutes from the time I started with the wagon from Williams Street." Having been asked what Pickering said to that, if anything, the witness answered, " He said they would not stay without their furniture ; they would come around and settle."

Evidence was introduced that upon reaching the storage warehouse its proprietor told Pickering he could not hold the furniture, and Pickering replied in the same way, " They won't go without their furniture; they will come around and settle this bill " ; and that the wagon load was left at this warehouse by Pickering.

One Sutherland testified that he came to Walkup's house after the wagon was loaded with the furniture and saw Pickering sitting in his buggy one hundred and fifty feet or more away. Having been asked by the plaintiff's counsel what he heard and saw after he arrived, the defendant objected. The plaintiff contended that on the evidence already introduced, that Putnam was acting upon the orders of and as the agent of Pickering, a conversation directed to Putnam and in his hearing would be competent. The judge admitted the question, and the defendant excepted. The witness then stated that Walkup said the officer had attached the furniture and team, and the witness replied that the officer could not do that, and that Putnam heard it; and that the witness then said the same thing to Putnam, " You can't attach furniture," and Putnam replied that he was obeying orders and knew his business.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions, which, *Lilley*, J. having resigned, were allowed by *Bond*, J.

*H. N. Allin & E. K. Piper*, ( *W. W. Hart* with them,) for the defendant.

*C. P. Sampson*, for the plaintiff.

LATHROP, J.   1. No exception was taken to the admission of the testimony of Bullard, and the question whether it was admissible or not is not open to the defendant. The same is true of the testimony of the warehouseman.

2. It was competent to prove what was said by the defendant in the original action, and by his wife to the officer who made the attachment, this being communicated to the plaintiff. It was the same as if the parties had spoken face to face. This was notice to the plaintiff that the property belonged to the wife, and the answer of the plaintiff in that action, that " they would not stay without their furniture ; they would come around and settle," was admissible to show malice on his part.

3. As to the question put to the witness Sutherland, as to what he heard and saw after he arrived, we see no ground of objection. If his answer disclosed anything immaterial or incompetent, the defendant should have asked to have it stricken out. This was not done, and no exception was taken to the answer.                                    *Exceptions overruled.*